**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

VIGEL E. PIMENTEL, et al.,           :
                                         Civil Action No. 10-6067 (SRC)
          Petitioners,     :

              v.               :     **OPINION**

ERIC HOLDER, et al.,                 :

          Respondents.     :

**APPEARANCES:**

Petitioners <u>pro se</u>
Vigel E. Pimentel
Mario A. Cabrera
Juan J. Diaz
Rhoan M. Baker
Travis Mendez
Maximino Z. Diaz
Arthur Telford
Shechem Lafayette
Uche Adim
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

**CHESLER,** District Judge

    This Court is in receipt of a "Verified Petition for Writ of Habeas Corpus and Complaint for Declaration and Injunctive Relief Under 28 U.S.C. § 2241," submitted by nine aliens,[1] currently

----

[1] Nine co-Petitioners are named in the caption. Although the Petition includes a separate list of more than 90 aliens, there is no indication in the Petition that aliens not named in the caption desire to participate in this action. Accordingly, this Court construes the Petition as having been brought only by the nine co-Petitioners named in the caption, most of whom have

detained in Essex County Correctional Facility, in Newark, New Jersey, in connection with federal removal proceedings.   In short, these Petitioners are challenging their prolonged detention during the course of their removal proceedings.[2]

For the reasons stated below, this Court will dismiss this Petition.

## I.   BACKGROUND

Petitioners allege that they are longtime lawful permanent residents of the United States who are challenging efforts by the Department of Homeland Security to remove them from the United States.   As to these Petitioners, no final orders of removal have yet been entered.

Petitioners seek certification of a class consisting of "all lawful permanent residents in New Jersey or, in the alternative, within the District [of New Jersey] who (1) [are] currently detained for prolonged periods of six months or more under the pre-final-order detention statute, 8 U.S.C. § 1226, pending

---

signed the Petition.   (Some of the signatures are not legible.) See Fed.R.Civ.P. Rule 11(a).   To the extent the Petition could be construed as being brought also by the 90+ aliens on the list attached to the Petition, this decision is equally applicable to each of them.

[2] The Petitioners have not prepaid the filing fee for either a habeas petition ($5) or a civil action ($350), nor has any of the individual co-Petitioners submitted an application for leave to proceed in forma pauperis.   For this reason alone, the Petition is subject to dismissal without prejudice.   See District of New Jersey Local Civil Rules 54.3, 81.2.

completion of their removal proceedings, inclusive of judicial review where the removal order has been stayed; (2) have not been afforded a hearing to determine whether prolonged detention is justified; ... ."[3]  (Verified Petition at page 16, ¶ 3.)   The purported class consists of approximately 2,000 alien detainees confined in various facilities in New Jersey.  On behalf of this purported class, Petitioners seek declaratory and injunctive relief that such class members are entitled to a hearing testing the reasonableness of their detention in advance of a final order of removal.  See generally Demore v. Kim, 538 U.S. 510 (2003); 8 U.S.C. § 1226(a)-(c).

## II.   ANALYSIS

Title 8 U.S.C. § 1226 generally governs the detention of aliens in removal proceedings prior to the entry of a final order of removal.

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this

---

[3] Petitioners specifically do not seek to include in the proposed class aliens who are detained pursuant to one of the detention statutes that specifically authorize prolonged detention in excess of six months on national security grounds, see 8 U.S.C. 1226A; 8 U.S.C. §§ 1531-37 (authorizing prolonged detention of, inter alia, suspected terrorists), nor do they seek to include aliens who are detained pursuant to 8 U.S.C. § 1225 (authorizing pre-final-order detention of non-citizens who have not yet been admitted to the United States).  (Verified Petition at page 16, ¶ 3.)

section and pending such decision, the Attorney General--

> (1) may continue to detain the arrested alien; and

> (2) may release the alien on--

>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

>> (B) conditional parole; but

> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

(b) Revocation of bond or parole

The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

(c) Detention of criminal aliens

> (1) Custody

> The Attorney General shall take into custody any alien who--

>> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

>> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

>> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been

sentence[d] to a term of imprisonment of at
least 1 year, or

(D) is inadmissible under section
1182(a)(3)(B) of this title or deportable
under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to
whether the alien is released on parole,
supervised release, or probation, and without
regard to whether the alien may be arrested or
imprisoned again for the same offense.

(2) Release

The Attorney General may release an alien
described in paragraph (1) only if the Attorney
General decides pursuant to section 3521 of Title
18 that release of the alien from custody is
necessary to provide protection to a witness, a
potential witness, a person cooperating with an
investigation into major criminal activity, or an
immediate family member or close associate of a
witness, potential witness, or person cooperating
with such an investigation, and the alien
satisfies the Attorney General that the alien will
not pose a danger to the safety of other persons
or of property and is likely to appear for any
scheduled proceeding. A decision relating to such
release shall take place in accordance with a
procedure that considers the severity of the
offense committed by the alien

8 U.S.C. § 1226(a)-(c).

While this Court possesses jurisdiction in habeas to test

the constitutionality, under § 1226, of an individual alien's

detention, see Demore v. Kim, 538 U.S. at 516-17, this Court

lacks jurisdiction, pursuant to 8 U.S.C. § 1252(f)(1), to

adjudicate the proposed class action.

Regardless of the nature of the action or claim or of
the identity of the party or parties bringing the
action, no court (other than the Supreme Court) shall

have jurisdiction or authority <u>to enjoin or restrain</u>
the operation of the provisions of part IV of this
subchapter, as amended by the Illegal Immigration
Reform and Immigrant Responsibility Act of 1996, other
than with respect to the application of such provisions
to an individual alien against whom proceedings under
such part have been initiated.

8 U.S.C. § 1252(f)(1) (emphasis added).

The statute's use of the disjunctive "enjoin or restrain"
bars this Court from exercising jurisdiction over class claims
for both the declaratory and injunctive relief requested here on
behalf of the class.  See <u>Alli v. Decker</u>, 644 F.Supp.2d 535, 545-
49 (M.D. Pa. 2009).  The <u>Alli</u> opinion of the Middle District of
Pennsylvania is persuasive on this point.

> The Court finds that a classwide declaration that
> the failure to provide all class members who are or
> will be detained under § 1226(c) for 6 months or more
> with individualized detention hearings violates the INA
> and due process would "restrain" the operation of
> § 1226(c) within the plain meaning of that term.  The
> practical effect of the class-based declaration that
> the petitioners seek would be indistinguishable from
> the effect of a class-based injunction.  As the
> petitioners themselves argue, although a declaration is
> a "milder form of relief" than an injunction,
> declaratory relief still has a strong persuasive
> effect.  While a declaration may not coercively enjoin
> the operation of § 1226(c), it would certainly restrain
> (limit, restrict, hold back, etc.) the government's
> implementation of the statute as written.  This is
> especially so because the declaration which the
> petitioners seek does not merely declare the class
> members' right to a bond hearing, but declares that the
> government has committed a constitutional violation by
> failing to provide such a hearing.
>
> Moreover, the Declaratory Judgment Act provides
> that "[f]urther necessary or proper relief based on a
> declaratory judgment or decree may be granted," 28
> U.S.C. § 2202, and such "necessary or proper relief"

includes an injunction.  Especially given the res
judicata and collateral estoppel effects of a
declaratory judgment, a classwide declaration in this
case would merely be a prelude to later injunctions.

Alli 644 F.Supp.2d at 546-47 (citations omitted).

Also as noted in Alli, 644 F.Supp.2d at 547, this holding is

bolstered by the United States Supreme Court decision in

California v. Grace Brethren Church, 457 U.S. 393 (1982), in

which the Court held that the Tax Injunction Act, which includes

language nearly identical to that in § 1252(f)(1), prohibits

federal district courts from issuing declaratory judgments that

state tax laws are unconstitutional.

Here, Petitioners seek both declaratory and injunctive

relief to "enjoin or restrain" the operation of § 1226(a) and

(c), as follows:

WHEREFORE, Petitioners pray that this court grant the
following relief;

...

(b)  Order a constitutionally adequate hearing where
the government must demonstrate that Petitioners
continued detention is justified;

(c)  Declare that Respondents failure to provide
Petitioners and all proposed class members a
constitutionally adequate hearing, where the government
must demonstrate that Petitioners and each proposed
class member's continued detention is justified,
violates the Immigration and Nationality Act and the
Due Process Clause of the Fifth Amendment; ...

(Verified Petition at 35, "Prayer for Relief.")

As this Court lacks jurisdiction to issue the classwide declaratory and injunctive relief requested by Petitioners, the request for class certification will be denied and the Petition will be dismissed.

Nothing in this decision precludes any purported class member from bringing a habeas corpus action to test the legality of his individual detention, which will depend upon such individual's unique circumstances.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, the request for class certification and class relief will be denied and the Petition will be dismissed without prejudice for lack of jurisdiction.

_____

Stanley R. Chesler
United States District Judge

Dated: 4|18|2011